IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stanscel Smith, Jr., ) | |
| ) | Civil Action No. 7:08-4135-HMH-BHH |
| Plaintiff, ) | |
| ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION OF** |
| ) | **MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Cherokee Masonry, Inc., Paul McDaniel, ) | |
| and Edward Patterson, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the defendants' motions to dismiss [Docs. 33, 54] pursuant to Federal Rule of Civil Procedure 12(b)(6). Although the defendants have filed separate motions, they are materially identical.[1] In his Complaint, the plaintiff seems to contend that he was constructively discharged on account of his race. [Doc. 1 at 4.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## **APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

---

[1] Because the plaintiff has had ample opportunity to respond to the substance of the procedural arguments made against his case as implicated by the first motion, and now repeated in the second, the Court has entered this Order prior to the expiration of the time in which the plaintiff had to respond to the second motion.

view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

The defendant contends that the plaintiff's Title VII claim and case[2] should be dismissed for the plaintiff's failure to (1) file a charge of discrimination with the EEOC and (2) file this lawsuit within 90 days of receipt of a right-to-sue letter from the EEOC.

It is well-established that prior to bringing a lawsuit under Title VII, a plaintiff must have filed a charge of discrimination with the EEOC.  42 U.S.C. § 2000e-5(e); *Gilliam v. S.C. Dep't of Juvenile Justice*, 474 F.3d 134, 139 (4th Cir. 2007); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  The plaintiff has submitted, with his response to summary judgment, a Notice of Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), dated June 22, 2007.  Accordingly, it appears that there is no dispute but that he filed an administrative charge.

The defendant, however, further contends that the plaintiff failed to file his lawsuit within 90 days of having received his Right to Sue Notice from the EEOC.   Section 2000e-5(f)(1) of the United States Code provides that a person who receives a right-to-sue notice from the EEOC must file any civil action against the respondent named in the charge in either state or federal court within 90 days after the giving of such notice.  42 U.S.C. § 2000e-5(f)(f).  As the defendant notes, the Fourth Circuit strictly adheres to the 90-day rule.  *See Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40 (4th Cir. 1993) (a lawsuit commenced 95 days after plaintiff received her right-to-sue letter from the EEOC was barred by the 90-day rule); *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987) (plaintiff's claim under Title VII was barred where his lawsuit was commenced 91

---

[2] Although the plaintiff has not specified either Title VII or the South Carolina Human Affairs Commission Law, his Complaint clearly implicates both statutory bodies as he claims that he was forced out of his job ostensibly because he "was the only black person on the job at th[e] time." (Compl. at 4.)

2

days after he received a right-to-sue letter from the EEOC); *Dixon v. Digital Equipment Corp.*, 976 F.2d 725 (4th Cir. 1992) (Fourth Circuit affirmed the district court's grant of summary judgment to the defendant because pro se plaintiff filed on the 91st day after receiving the right-to-sue letter).

The plaintiff originally submitted a South Carolina Human Affairs Commission "Dismissal and Notice of Right to Sue, issued on December 18, 2007. [Doc. 1, Attach. 1.] Although the defendants originally claimed that he had not, the plaintiff also attempted to submit an EEOC right to sue letter. [See Doc. 23.] Because that document appeared to be incomplete, the Court requested that the plaintiff submit the document again. [Doc. 41.]

As a result, the plaintiff filed a complete version of his EEOC Right to Sue notice, on April 30, 2009. [Doc. 44.] That document, however, makes clear that the notice was issued on May 28, 2008. *Id*. The plaintiff did not file his present case until December 24, 2008, substantially outside the 90-day time period, as measured from either the date of the EEOC or the SHAC Notice.[3] [Docs. 1, 44.]

The plaintiff argues in his response to the motion to dismiss that he filed his administrative charge within 90 days of the termination of his employment. [Doc. 37.] But, that is not the deficiency in his case. As stated, he was required to have filed his lawsuit within 90 days of the EEOC Right to Sue notice. Unfortunately, he failed to do so.

---

[3] Any South Carolina Human Affairs Commission Act claim the plaintiff might have would also be untimely as this case was filed outside of the 120-day period following the SHAC notice [Doc. 1, Attach. 1]. The SHAC provides that an action under the statute "must be brought within one year from the date of the violation alleged, or within one hundred twenty [120] days from the date the complainant's charge is dismissed, whichever occurs earlier. . . ." S.C. Code Ann. § 1-13-90(d)(6) (emphasis added).

3

## **RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED the defendants' motions to dismiss should be GRANTED [Doc. 33, 54] and the plaintiff's case dismissed *with prejudice*.

                                          s/Bruce H. Hendricks
                                          United States Magistrate Judge

May 20, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).